# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

In the Matter of the
Personal Restraint of

LUCIANO MOLINA RIOS,

                          Petitioner.

No.  51971-2-II

UNPUBLISHED OPINION

MAXA, C.J. – Luciano Molina Rios seeks relief from personal restraint imposed as a result of his 2016 convictions for being an accomplice to unlawful possession of heroin with intent to deliver, unlawful possession of methamphetamine with intent to deliver, unlawful possession of cocaine with intent to deliver, and being an alien in possession of a firearm without an alien firearm license.[1]

The facts of his case are described in detail in his direct appeal, consolidated Nos. 49601-1-II and 49633-0-II.  Briefly, a confidential informant (CI) made two purchases of drugs from Molina Rios at his apartment.  The CI also informed law enforcement that Molina Rios was going to the Seattle area to obtain drugs.  Vancouver police officers conducted surveillance on Molina Rios as he, Miguel Trujeque-Magana and Juanna Santiago-Santos travelled to Everett in two cars.  The officers watched as the trio made a number of stops, including one in which Molina Rios and Trujeque-Magana were in the same car, on their cell phones, and looking down at the center console in a manner the officers thought was consistent with counting money.

---

[1] This court issued the mandate of Molina Rios's direct appeal on June 12, 2019, making his February 8, 2018 petition timely filed.  RCW 10.73.090(3)(b).  The court stayed his petition pending his direct appeal.

The officers followed the two cars back to Clark County, where other officers stopped both cars. Santiago-Santos gave one of the officers consent to search her purse. The officer found a large bag of heroin in the purse. Based on the above, officers obtained a search warrant for the apartment where Molina Rios lived. In one bedroom, the officers found identification belonging to Molina Rios, bags of methamphetamine and cocaine, and two handguns.

Molina Rios argues that his defense counsel provided ineffective assistance of counsel. To establish ineffective assistance of counsel, Molina Rios must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that as a result of that deficient performance, the result of his case probably would have been different. *State v. Estes*, 188 Wn.2d 450, 457-58, 395 P.3d 1045 (2017). We recognize a strong presumption that defense counsel's performance was reasonable. *Id.* at 458.

Molina Rios claims that his counsel's performance was deficient because he did not call as witnesses the CI, Santiago-Santos, or a defense expert. Regarding the CI, the trial court denied Trujeque-Magana's motion for disclosure of the CI's identity, in which Molina Rios joined, and we affirmed that denial in Molina Rios's direct appeal. The State did not present any evidence about the CI, the controlled buys, or the information provided by the CI. In addition, even if defense counsel was able to identify the CI, calling the CI as a defense witness could have resulted in the CI testifying about the controlled buys to Molina Rios's detriment. Defense counsel's decision not to call the CI may have been tactical and so cannot constitute deficient performance. *See Estes*, 188 Wn.2d at 458.

Regarding Santiago-Santos, she was listed as a State's witness but the State was unable to locate her. Assuming defense counsel could have located her, calling her as a defense witness

could have resulted in her testifying about Molina Rios's involvement in her possession of the heroin in her purse.  Once again, her testimony could have strengthened the State's case and not calling her may have been a tactical decision.

Regarding a defense expert witness, Molina Rios does not identify what relevant, admissible evidence such an expert could have provided.  He claims the expert would have explained the insufficiency of the evidence produced by the State.  But such testimony would have been inadmissible as an opinion invading the province of the jury.

Molina Rios fails to demonstrate that he received ineffective assistance of counsel. Therefore, he does not present grounds for relief from restraint.  We deny Molina Rios's petition and deny his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, C.J.


We concur:

_____
SUTTON, J.


_____
GLASGOW, J.